IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20924
Conference Calendar
_____

TIMOTHY JOSEPH LLOYD,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-4930
- - - - - - - - - -
June 19, 1997
Before SMITH, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Timothy Joseph Lloyd, Texas prisoner #449599, requests a

certificate of appealability (COA) from the district court's

denial of his 28 U.S.C. § 2254 petition. Lloyd also requests

permission to appeal in forma pauperis (IFP). A district court

must deny Lloyd a COA before he can request a COA from this

_____

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

court.  See Muniz v. Johnson, ___ F.3d ___, (5th Cir. May 20, 1997, No. 96-50508), 1997 WL 265120 at *2.

However, there is a more fundamental impediment to our exercise of jurisdiction.  The court must examine the basis of its jurisdiction on its own motion if necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  An examination of the record discloses that no final judgment has been entered as a separate document as required by Federal Rule of Civil Procedure 58.

The district court entered an order dismissing Lloyd's habeas petition on September 12, 1996.  On September 18, the district court vacated the order and entered a second order, dismissing Lloyd's habeas petition.  Lloyd filed a pro se notice of appeal, dated September 19, on September 23, from the district court's vacated order.

Although the order of September 18, 1996, disposes of the litigation, it contains the analysis and the reasons for the decision and is therefore not a "separate document" judgment as required by Rule 58.  See Whitaker v. City of Houston, Texas, 963 F.2d 831, 833 (5th Cir. 1992) (a statement tacked on at the end of an opinion is not a judgment).  If the September 18 order of dismissal were treated as a Rule 58 judgment, Lloyd's notice of appeal would be ineffective to confer jurisdiction.

Lloyd may rectify the lack of a separate document judgment by a motion to the district court for entry of a final judgment

in the habeas corpus proceeding.  He may then appeal from that judgment within the time prescribed by Federal Rule of Appellate Procedure 4(a)(1).  <u>See</u> <u>Townsend v. Lucas</u>, 745 F.2d 933, 934 (5th Cir. 1984).  If he does so, the district court should rule on whether a COA should issue.

APPEAL DISMISSED.